PER CURIAM.
Babu Jain, a professor at Florida Agricultural and Mechanical University (FAMU), challenges portions of a final order which denied compensation for the 2004 summer semester, pre-judgment and post-judgment interest and attorney’s fees.
Jain elected to participate in the Florida Deferred Retirement Program (DROP) with an employment termination date of May 31, 2003. Jain thereafter sought to rescind that termination date, but he was not permitted to teach in the summer of 2003 and the several semesters thereafter. Jain sought administrative relief, and the matter was referred to the Division of Administrative Hearings. Following an evidentiary hearing, a recommended order issued which concluded that FAMU had contracted with Jain to teach in the summer of 2003 and thus Jain’s employment was not terminated as of May 31, 2003. FAMU issued a final order which accepted the findings of fact and the conclusions of law contained in the recommended order.
However, by the final order, Jain was not awarded attorney’s fees. Prior to issuance of the recommended order, Jain filed a proposed recommended order which provided that Jain should be awarded attorney’s fees, although no authority for such an award was cited. The administrative law judge noted that attorney’s fees had been requested by Jain but that no authority for such was given, and thus, attorney’s fees were not awarded by the judge. Thereafter, Jain filed a document entitled “Exceptions to the Recommended Order *999 and Motion to Administrative Law Judge for an Award of Attorney’s Fees,” and in this combined document, Jain cited as authority for an award of attorney’s fees, section 57.105(5), Florida Statutes.
The record reflects no activity on this latter motion for fees. In its final order, FAMU simply concluded that section 57.105(5) “is not applicable” in Jain’s case, and that a request for attorney’s fees in a proceeding pursuant to chapter 120.57(1), as was Jain’s administrative proceeding, was governed by section 120.57. Thus, FAMU did not assert that Jain’s motion for attorney’s fees, which was filed with the exceptions to the recommended order and which specifically stated a statutory basis for an award of attorney’s fees, was an untimely filed motion. Indeed, during oral argument before this court, FAMU conceded that it ruled on the merits of Jain’s motion for attorney’s fees and did not deem the motion untimely.
By the explicit terms of the statute, a request for an award of attorney’s fees made pursuant to section 57.105(5) is to be considered by the administrative law judge. A decision by the judge on such a request is a final order subject to judicial review pursuant to section 120.68. § 57.105(5), Fla. Stat. (2008). Accordingly, that portion of the final order denying attorney’s fees is reversed, and the cause is remanded to the administrative law judge for a determination of Jain’s entitlement to attorney’s fees under section 57.105(5). We find no merit in the remaining issues raised on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER, BROWNING and LEWIS, JJ., concur.